IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:16-CV-272-FL

| MICHELLE LYNN JENSEN, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the court on pro se plaintiff's motion for reconsideration filed pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). (DE 35). The issues raised have been briefed fully and are ripe for ruling. For the reasons that follow, plaintiff's motion for reconsideration is denied.

## BACKGROUND

This matter earlier came before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, Jr. The magistrate judge recommended the court deny plaintiff's motion for reconsideration of the court's June 13, 2017 order denying plaintiff's motion to supplement the record, grant plaintiff's motion for judgment on the pleadings, deny defendant's motion for judgment on the pleadings, and remand to defendant for further consideration or award of benefits. Defendant filed objections to the M&R, but plaintiff did not.[1]

---

[1] Plaintiff alleges she did not receive defendant's objections in the mail and therefore did not file a response. (DE 33; DE 37 at 3-4).

For the reasons stated in the court's order dated March 29, 2018, the court rejected the M&R, denied plaintiff's motions, and granted defendant's motion. Judgement was entered according to the court's order on March 29, 2018. Following grant of extension of time to so file, plaintiff filed the instant motion for reconsideration on May 21, 2018. Defendant filed response on June 28, 2018, to which plaintiff replied on July 11, 2018.

**DISCUSSION**

A.  Standard of Review

Because plaintiff's motion was filed beyond the 28-day period provided in Rule 59(e), the court construes plaintiff's motion as brought pursuant to Rule 60(b). See Fed.R.Civ.P. 6(b)(2). Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union, 1 F.3d at 266.

B.  Analysis

One of Rule 60(b)'s threshold requirements is that the movant demonstrate a meritorious claim or defense. Here, plaintiff seeks the court's reconsideration of its order upholding the Commissioner's final decision on multiple but intertwined grounds.

First, regarding the ALJ's step three listing determination, plaintiff argues that the "ALJ disregarded the plaintiff's multiple mention of fatigue and consistent reports at her medical visits with having poor concentration, forgetfulness her fatigue and need for naps during the day," and that regarding Listing 12.02, paragraph B criteria, as found in Listing 11.09B, plaintiff meets all four criteria if her fatigue is properly assessed. (DE 35 at 4, 7-8). Second, regarding the ALJ's credibility determination, plaintiff argues that the "ALJ discredited her testimony and [supporting] evidence and fail to incorporate the plaintiff's subjective complaints" and "did not specify which testimony he did not find credible." (DE 35 at 4; DE 37 at 2). Third, regarding the ALJ's step five determination, plaintiff argues that the ALJ discounted plaintiff's testimony of frequent absenteeism and supporting evidence. (DE 35 at 8). Finally, plaintiff makes brief and unsupported argument that she seeks reconsideration of the court's order denying plaintiff's motion to supplement the record. (Id. at 19).

The court addressed and rejected each of these arguments in its March 29, 2018 order. See Jensen v. Berryhill, No. 4:16-CV-272-FL, 2018 WL 1542237, at *5 (E.D.N.C. Mar. 29, 2018) (noting ALJ referenced plaintiff's testimony concerning fatigue and holding "[t]he above evidence is substantial support for the ALJ's determination that plaintiff does not meet Listing 12.02B, and therefore Listing 11.09B . . . ."); id. at *8-10 ("Plaintiff argues that the ALJ erred in his credibility determination regarding plaintiff and by ignoring plaintiff's testimony regarding her absenteeism. . . . In sum, the court finds the ALJ's credibility assessment of plaintiff, including plaintiff's testimony regarding her absenteeism, to be supported by substantial evidence"); id. at *6-7 (addressing plaintiff's motion to supplement the record, finding no "good cause" exists to grant the motion and that even if good cause existed, evidence submitted is neither new or material).

3

Each of plaintiff's arguments, except regarding her motion to supplement the record, is at its root an argument that the ALJ improperly assessed plaintiff's testimony alleging disabling fatigue as further evidenced by plaintiff's absenteeism from her former employment. However, as previously stated by the court:

> Although plaintiff argues the ALJ is incorrect and the medical evidence "substantiates all [of plaintiff's] claims," the ALJ determination otherwise is supported by substantial evidence. The record does support the conclusion that plaintiff missed work in her previous position as a pharmacist, but as pointed out by the ALJ, "the issue here is not whether the claimant can be restored to full heath, or even rendered free from pain" but "what the individual can do despite his or her limitations.". . . . The court notes that none of the opinion evidence indicates that plaintiff's symptoms are as debilitating as claimed. Plaintiff cites extensively to the plaintiff's medical records to substantiate her own credibility. However, plaintiff's citations are predominately evidence not from health care providers but her self-reported symptoms submitted to those providers, particularly with regard to plaintiff's symptoms of fatigue and low energy. This evidence confirms plaintiff's subjective complaints of symptoms, but the ALJ was not required to accept this evidence to the extent it was inconsistent with the evidence provided by plaintiff's medical care providers . . . .

Id. at *8-10 (citations omitted).

Plaintiff has failed to raise a meritorious claim, and the motion for relief from final judgment must be denied.

## CONCLUSION

Based on the foregoing, plaintiff's motion for relief from final judgment (DE 35) is DENIED.

SO ORDERED this the 30th day of July, 2018.

LOUISE W. FLANAGAN
United States District Judge